# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

UNITED STATES OF AMERICA,

    v.                                          Case No.: 3:06-CR-456/RV

RICHARD G. FARNHAM,

_____/

## **ORDER**

      This case, scheduled for trial beginning February 5, 2007, involves a claim that the defendant Richard G. Farnham (a Pinellas County Deputy Sheriff) used excessive and unreasonable force during the performance of his duties. Pending before the court are three motions in limine filed by the defendant (docs. 27, 28, and 29). Each motion will be considered in this order.

      First, the defendant moves for leave to wear his sheriff's uniform during the trial in this action (doc. 27). Both the defendant and the government agree that district courts have broad discretion and wide latitude in conducting criminal trials and maintaining the courtroom and parties. The parties also agree that the defendant was employed as a deputy sheriff at the time of the incident underlying this case (and he still is), and that he was functioning as a deputy sheriff during the incident itself. Defendants routinely attempt to dress and look their best before the jury during criminal trials. I see no reason why the defendant here should not be permitted to do the same. Cf. Johnson v. Commonwealth of Virginia, 449 S.E.2d 819 (Va. App. 1994) (error for trial court to deny defendant the right to wear military uniform during criminal trial; allowing defendant to wear his military uniform

does not afford "an unrealistic suggestion of good character" any more than does "neat and clean attire and good grooming," and it is therefore "inappropriate for a trial court to deny a courtroom participant the right to present himself in his best posture"). This motion (doc. 27) is, therefore, GRANTED.[1]

Next, the defendant seeks to exclude any mention of the fact that the state prosecutors in Santa Rosa County did not file criminal charges against Daniel Thompson or Edgar Knowling, the alleged victims in this case (doc. 28). The defendant argues that evidence of or reference to the non-prosecution is irrelevant, and he cites to numerous cases where courts have refused to allow evidence of a prior acquittal or lack of prosecution of *defendant*s or *co-defendants*, not the alleged *victims*. This distinction is significant in this case. The government notes that "the defendant himself authored [the] police reports that lead to the charges." The fact that state prosecutors did not pursue the criminal charges against Thompson and Knowling is relevant, argues the government, because "it was the defendant's account of events that led to the charges that were clearly an attempt to cover up his actions (the misconduct) that evening in furtherance of the crime itself." In this respect, I agree that evidence of the non-prosecution may have "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" [Fed. R. Evid. 401]. Therefore, I conclude that the evidence is relevant. Accordingly, this motion (doc. 28) must be, and is, DENIED.

And lastly, the defendant moves to preclude the government from "repeatedly" identifying Knowling as a retired Colonel from the Air Force, and

---

[1] The government notes that the defendant was not wearing his uniform on the night in question; rather, he was wearing all black fatigues. The government may, of course, argue that fact to the jury during trial. But, the fact that the defendant was not wearing his uniform at the time of the incident is not in itself reason to preclude him from wearing the uniform at trial.

Thompson as a retired Captain of Corrections, during the trial (doc. 29). The defendant argues that allowing the government to identify these men by their former stations in life "is a back door way of bolstering the credibility of these witnesses." The government persuasively argues, however, that their prior positions in law enforcement and the United States military are relevant in that they may potentially be used to "refute the defendant's claim that they would not comply with orders from a recognized law enforcement officer," and this is an issue "that strikes directly at the veracity of the victim versus the defendant." The government contends that Thomas and Knowling's former positions are relevant to this limited extent, and that the government has no intention of "repeatedly" or "unduly" referencing them by their prior titles.  I agree that the prior titles may be utilized, but not repeatedly.  The defendant's motion in limine (doc. 29) is, therefore, DENIED.

      DONE and ORDERED this 30th day of January, 2007.

                            */s/ Roger Vinson*
                            **ROGER VINSON**
                            **Senior United States District Judge**